IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SHIRLEY M. PENDLETON                                                                      PLAINTIFF

v.                                       Civil No. 12-2324

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                                            DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Shirley Pendleton, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for supplemental security income ("SSI") pursuant to Title VI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff filed her application for DIB on November 3, 2010, alleging an onset date of July 4, 2002, due to the residuals of a broken left elbow, borderline intellectual functioning, and a learning disability. Tr. 97, 112. The Commissioner denied Plaintiff's application initially and on reconsideration. Tr. 43-44. An administrative hearing was held on November 23, 2011. Tr. 19-42. Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 49 years old and possessed a sixth grade education. Tr. 23-24. She had past relevant work "(PRW") experience as a waitress. Tr. 23 .

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

On December 16, 2011, the ALJ determined that the Plaintiff did not have "an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments." Tr. 12.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on October 31, 2012. Tr. 5-6. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 8, 10.

## II. **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. Discussion:

Plaintiff raises three issues on appeal. First, she contends that the ALJ erred in concluding that she did not suffer from a severe impairment. Second, Plaintiff alleges that the

ALJ's credibility determination is faulty. And, third, Plaintiff asserts that the ALJ failed to fully and fairly develop the record with regard to her ability to perform work-related tasks. The court has reviewed the briefs filed by the parties, the transcript of the proceeding before the commission, including a review of the hearing before the ALJ, the medical records, and relevant administrative records and finds the ALJ's decision is supported by substantial evidence.

### A. Severe impairments:

Plaintiff contends that the ALJ erred by concluding that her left arm impairment, learning disorder, and borderline intellectual functioning were not severe impairments. A "severe impairment is defined as one which 'significantly limits [the claimant's] physical or mental ability to do basic work activities.'" *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006) (quoting 20 C.F.R. § 404.1520(c)). The impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings. *See* 20 C.F.R §§ 404.1527, 404.1508.

In the present case, the evidence simply does not support a finding of severe impairment. Aside from one x-ray in 2010, Plaintiff failed to seek out medical attention for any of her alleged impairments. An x-ray performed in December 2010 revealed an old healed fracture with no other abnormalities. Tr. 158, 217. *See Forte v. Barnhart*, 377 F.3d 892, 895 (8th Cir. 2004) (holding that lack of objective medical evidence is a factor an ALJ may consider).

The agency requested three consultative examinations, one physical examination and two mental evaluations, in an effort to determine Plaintiff's RFC. Tr. 159-63, 167-70, 191-97. On

4

February 18, 2011, Dr. Van Hoang performed a physical examination of Plaintiff.  Tr. 159-63. Although Plaintiff reported a broken elbow in 1980 with occasional stiffness in the elbow joint and a learning disability, an examination revealed no abnormalities.  She had a normal range of motion in the left shoulder, elbow, and wrist, as well as all other joints; no neurological deficits, muscle weakness or atrophy; and, full grip strength.  Dr. Hoang opined that she would have only mild physical limitations, and noted no mental limitations.  Tr. 163.

On March 8, 2011, Dr. Keith Norwood performed an intellectual assessment of Plaintiff. Tr. 167-70.  Her mood was somber and her affect flat.  Dr. Norwood reported that Plaintiff answered almost all of his questions with "I don't know."[2]  Tr. 167.  She also tended to give up easily, was generally lacking in task persistence, and put forth inconsistent effort.  Further, Dr. Norwood noted that Plaintiff related in an immature manner, utilized an underdeveloped speaking vocabulary, and terminated effort following minimal concentration.  Although her full scale IQ registered at only 50, Dr. Norwood found these test results to be invalid due to Plaintiff's poor effort.  Tr. 168.

On July 22, 2011, Dr. Robert L. Spray, Jr., conducted a mental diagnostic evaluation and intellectual assessment of Plaintiff.  Tr. 191-96.  He also reported that Plaintiff did not put forth adequate effort during the evaluation, and found her responses to be inconsistent with Dr. Norwood's March 2011 assessment.[3]  Tr. 182, 194.  This time, her full scale IQ was determined to be 40, but Dr. Spray also found the results to be invalid due to Plaintiff's lack of effort.  Tr.

---

[2] Plaintiff contends that she responded with "I don't know" because she did not understand the examiners questions.  However, she had no difficulty answering questions at the hearing.

[3] Specifically, Plaintiff told Dr. Norwood that she had repeated the fourth grade, but did not know if she was involved in special education services.  Tr. 167.  However, she told Dr. Spray that she had not repeated any grades, but was in special education classes for reading, spelling, and writing.  Tr. 192.

5

194. He stated that he was unclear whether her lack of effort was a function of her personality or an intentional exaggeration of symptoms.[4]

At any rate, we note that the Plaintiff failed to seek out any treatment for her alleged impairments during the relevant time period. *See Shannon v. Chater*, 4 F.3d 484, 486 (8th Cir. 1995) (though not dispositive, failure to seek treatment may indicate the relative seriousness of a medical problem); *Kirby v. Astrue*, 500 F.3d 705, 709 (8th Cir. 2007) (holding that lack of formal treatment by a psychiatrist, psychologist, or other mental health professional is a significant consideration when evaluating Plaintiff's allegations of disability due to a mental impairment) . And, she was able to work as a waitress in the mid-to-late 1990s, earn $8905.00 from the New Orleans Convention Staffing in 2003, and earn $435.00 from Crescent City Health Care in 2004, all the while dealing with these impairments. *See Goff v. Barnhart*, 421 F.3d 785, 792-793 (8th Cir. 2005) (fact that Plaintiff worked with the impairments for over three years, coupled with the absence of evidence of significant deterioration in her condition, demonstrated the impairments were not disabling); *see also Muncy v. Apfel*, 247 F.3d 728, 734 (8th Cir. 2001) (a person's IQ is presumed to remain stable over time).

Even if her impairments were non-severe, Plaintiff also asserts that the ALJ erred at step two because she is unable to perform past work due to the unique features of that work. *See* Social Security Ruling 85-28. Specifically, she alleges that she required special accommodations at her last job, due to her inability to use her left arm. However, as we noted above, the medical evidence does not support Plaintiff's contention that she can not use her left arm. And, as such,

---

[4]Given the fact that two examiners found that she failed to put forth adequate effort to make a valid determination of her IQ and mental impairments, we don't believe that ordering a third assessment would be of any benefit.

we can find no error in the ALJ's determination that this alleged impairment was non-severe, even when considered in combination with her non-severe mental impairments. Had her impairments truly been severe during the relevant time period, we believe Plaintiff would have sought out medical treatment for them.

### B. Credibility:

Next, Plaintiff takes issue with the ALJ's credibility determination, alleging that the ALJ failed to conduct a proper credibility analysis. We disagree. After reviewing the evidence and the ALJ's decision, we conclude that the ALJ gave several valid reasons for his determination that Plaintiff was not entirely credible including inconsistencies in the reports concerning her ability to perform activities of daily living, inconsistencies in her reports concerning her education, the lack of objective medical evidence to support her claims, her failure to seek out treatment for her impairments, the absence of ongoing prescriptions for pain medication, and her failure to put forth the necessary effort on the psychological exams administered by the examiners. *See Leckenby v. Astrue*, 487 F.3d 626, 632 (8th Cir. 2007) (this court defers to ALJ's credibility determination when it is supported by good reasons and substantial evidence); *Dunahoo v. Apfel*, 241 F.3d 1033, 1037 (8th Cir. 2001) (ALJ may discount subjective complaints if inconsistencies are apparent in the evidence as a whole). The mere fact that the ALJ did not mention *Polaski* does not require remand. *See Brown v. Chater*, 87 F.3d 963, 966 (8th Cir. 1996) (ALJ's failure to explicitly discuss each *Polaski* factor in a methodical fashion is an arguable deficiency in opinion-writing technique insufficient to require the setting aside of an administrative finding where the deficiency probably had no practical effect on the outcome of

AO72A
(Rev. 8/82)

the case). We also note that the evidence suggests that Plaintiff was using alcohol and possibly marijuana to self medicate, which also weighs against here credibility. Tr. 192.

Plaintiff attempts to justify her failure to seek out medical care, stating that she could not afford medical treatment. However, the record contains no evidence to indicate that she was ever refused treatment by a doctor due to her financial status, that she attempted to obtain treatment in an emergency room, or that she sought out medical services offered at low cost and/or indigent clinics. *Murphy v. Sullivan,* 953 F.2d 383, 386-87 (8th Cir.1992) (it is inconsistent with the degree of pain and disability asserted where no evidence exists that claimant attempted to find any low cost or no cost medical treatment for alleged pain and disability). Further, there is no evidence to indicate that Plaintiff opted to forego consuming alcohol on a daily basis in order to help her pay for medical services. As such, we can not say that her failure to seek out treatment is justified by her economic status.

  **C.**  **Develop the record:**

Lastly, Plaintiff asserts that the ALJ erred by failing to fully and fairly develop the record with regard to her left arm impairment. We disagree. The ALJ does have a duty to fully and fairly develop the record. *See Frankl v. Shalala*, 47 F.3d 935, 938 (8th Cir. 1995) (ALJ must fully and fairly develop the record so that a just determination of disability may be made). In determining whether an ALJ has fully and fairly developed the record the proper inquiry is whether the record contained sufficient evidence for him to make an informed decision. *See Payton v. Shalala*, 25 F.3d 684, 686 (8th Cir. 1994); *Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir. 1989).

8

In the present case, we find that the record was reasonably well developed. The ALJ considered the results of both consultative physical and mental evaluations, as well as Plaintiff's subjective complaints and medical records prior to rendering his opinion in this case. The record simply does not support Plaintiff's allegations. We find that the ALJ fulfilled his duty to develop the record by ordering the mental and physical consultative exams. The mere fact that the physical exam revealed no physical limitations and both mental exams were invalid due to Plaintiff's lack of effort does not require the ALJ to order further testing. *See Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995) ("[R]eversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial.").

IV.   **Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus recommends that the decision be affirmed, and Plaintiff's Complaint be dismissed with prejudice. **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 21st day of October 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE